1
2
3
4
5
6                          UNITED STATES DISTRICT COURT
7                          EASTERN DISTRICT OF WASHINGTON
8    WALDO E. WALDRON-
     RAMSEY,                                    NO.  CV-98-131-RHW
9
                 Petitioner,
10                                              **ORDER ADDRESSING
          v.                                    EQUITABLE TOLLING**
11
     BELINDA STEWART,
12
                 Respondent.
13

14        On September 15, 2006, the Ninth Circuit vacated the judgment that was entered
15   in the above-captioned case and remanded the case for further proceedings.  The mandate
16   from the Ninth Circuit was received on February 1, 2007 (Ct. Rec. 156).
17        The Ninth Circuit held that Petitioner was not entitled to statutory tolling because
18   his state post-conviction relief petition was determined by the state court to be untimely
19   and, therefore, was not properly filed (Ct. Rec. 155).  The Circuit vacated the judgment
20   and remanded to allow this Court to address whether equitable tolling existed in light of
21   *Lott v. Mueller*, 304 F.3d 918, 924-25 (9th Cir. 2002).
22        A telephonic hearing was held on August 6, 2007.  Petitioner was represented by
23   David Zuckerman.  Respondent was represented by Paul Weisser.[1]
24
25        [1]Petitioner is now incarcerated at the Stafford Creek Corrections Center where Ms.
26   Stewart is the Superintendent.  Leslie Ryder, the Respondent during much of the time this
27   case has been pending, has left state service.  Therefore, Ms. Stewart is substituted for
28   Mr. Ryder, pursuant to Fed. R.Civ. P. 25(d)(1).

**ORDER ADDRESSING EQUITABLE TOLLING ~ 1**

1

ANALYSIS

2        Whether Petitioner's federal habeas petition is timely is determined by the Anti-

3  terrorism and Effective Death Penalty Act ("AEDPA").[2]  Petitioner's state conviction was

4  finalized before April 24, 1996.  Under the AEDPA, Petitioner was required to seek

5  federal habeas corpus relief by April 23, 1997.  28 U.S.C. § 2244(d)(1)(A).[3]; *Miles v.*

6  *Prunty*, 187 F.3d 1104, 1105 (9th Cir. 1999) ("Accordingly, a prisoner with a state

7  conviction finalized before April 24, 1996 . . . had until April 23, 1997 to file a federal

8  habeas petition.").

9        Petitioner filed his habeas petition on March 29,1998.  On its face, then, the

10  petition is untimely and Petitioner is not entitled to statutory tolling.[4]  The question this

11

12        [2]The Anti-terrorism and Effective Death Penalty Act ("AEDPA") governs because

13  Petitioner filed his habeas petition in the district court on March 29, 1998.

14        [3](d)(1) A 1-year period of limitation shall apply to an application for a writ of

15  habeas corpus by a person in custody pursuant to the judgment of a State court. The

16  limitation period shall run from the latest of--

17        (A) the date on which the judgment became final by the conclusion of direct

18  review or the expiration of the time for seeking such review;

19        (B) the date on which the impediment to filing an application created by State
   action in violation of the Constitution or laws of the United States is removed, if the

20  applicant was prevented from filing by such State action;

21        (C) the date on which the constitutional right asserted was initially recognized by
   the Supreme Court, if the right has been newly recognized by the Supreme Court and

22  made retroactively applicable to cases on collateral review; or

23        (D) the date on which the factual predicate of the claim or claims presented could
   have been discovered through the exercise of due diligence.  28 U.S.C. § 2244(d).

24        [4]A petitioner is entitled to statutory tolling for the time during which a properly

25  filed application for state post-conviction or other collateral review with respect to the

26  pertinent judgment or claim is pending.  28 U.S.C. s 2244(d)(2).  In its Slip Opinion, the

27  Ninth Circuit expressly stated that Petitioner was not entitled to statutory tolling because

28  the state post-conviction relief petition was determined to be untimely and was, therefore,

**ORDER ADDRESSING EQUITABLE TOLLING ~ 2**

1  Court must answer, then, is whether Petitioner is entitled to equitable tolling, in light of

2  *Lott v. Mueller.*[5]

3      *Lott* held that "equitable tolling of the filing deadline for a habeas petition is

4  available 'only if extraordinary circumstances beyond a prisoner's control make it

5  impossible to file a petition on time.'" 304 F.3d at 922.   "When external forces, rather

6  than a petitioner's lack of diligence, account for the failure to file a timely claim,

7  equitable tolling may be appropriate." *Id.* *Lott* recognized that "[t]he proper filing date

8  for a federal habeas petition under the AEDPA is a matter of grave importance to affected

9  prisoners because after that date their ability to challenge the lawfulness of their

10  incarceration is permanently foreclosed." *Id.* *Lott* also recognized that "the grounds for

11  granting equitable or statutory tolling are 'highly fact dependent.'"  Moreover, the "issue

12  of the 'impossibility' of a timely filing of a federal habeas petition may, in some

13  circumstances, involve the confluence of numerous factors beyond the prisoner's

14  control." *Id.*

15      The Circuit in *Lott* concluded that a remand was proper to allow a more complete

16  development of the record in light of the allegations that the petitioner was denied access

17  to his files during two temporary transfers that lasted eighty-two days, and during the

18  relevant time period, there were some obvious questions about the proper method under

19  the AEDPA for tolling during the pendency of the petition before the California Supreme

20  Court.  *Id.*  The Circuit suggested that these unusual facts, if true, appeared to satisfy the

21  "extraordinary circumstances" requirement for equitable tolling.  *Id.*

22

23

_____

24  not properly filed.  (Ct. Rec. 155).

25      [5]The U.S. Supreme Court has not definitively held that equitable tolling applies to

26  § 2244(d).  *Lawrence v. Florida*, 127 S.Ct. 1079, 1085 (2007) ("We have not decided

27  whether § 2244(d) allows for equitable tolling."). The Ninth Circuit has applied equitable

28  tolling to § 2244(d).  *See Roy v. Lampert*, 465 F.3d 964 (9th Cir. 2006).

**ORDER ADDRESSING EQUITABLE TOLLING ~ 3**

**A.    Equitable Tolling**

In order to qualify for equitable tolling, Petitioner must show that (1) he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way and prevented his timely filing. *Lawrence v. Florida*, 127 S.Ct. 1079, 1085 (2007). Petitioner bears the burden of showing that equitable tolling is appropriate. *Espinoza-Matthews v. California*, 432 F.3d 1021, 1027 (9th Cir. 2005). Petitioner must also show that the extraordinary circumstances were the cause of his untimeliness. *Stillman v. LaMarque*, 319 F.3d 1199, 1203 (9th Cir. 2003).

**(1)    Extraordinary Circumstances**

Petitioner makes three arguments in support of his position that extraordinary circumstances existed that prevented his ability to file his federal habeas petition on time. First, Petitioner's reasonable confusion concerning the interpretation of AEDPA justifies tolling. Second, Petitioner's reasonable confusion concerning the interpretation of the state court rulings justifies tolling. Third, Respondent's deprivation of petitioner's legal materials justifies tolling.

**(a)    Reasonable Confusion Concerning Interpretation of AEDPA and State Court Rulings**

Petitioner argues that between 1996, when AEDPA was enacted, and 1998, when he filed his habeas petition, there was no reason for him to interpret statutory tolling to mean that a petitioner ultimately found to be untimely by the state courts is not "properly filed" even if the petitioner relied on some arguable exception to the state's general time limit. He argues that because he would have been entitled to statutory tolling under a reasonable interpretation of AEDPA, he should be entitled to equitable tolling.

Petitioner also argues that even if he had somehow anticipated the Supreme Court's ruling in *Pace*, he would still have reasonably believed his state court pleadings tolled the federal statute because he read the state court's denial of his second Personal Restraint Petition (PRP) as being based on the merits rather than on timeliness. Thus, it was reasonable for him to believe that he would have a year to file his federal habeas

**ORDER ADDRESSING EQUITABLE TOLLING ~ 4**

1  petition after he completed the PRP process.

2       The *Lawrence* court suggests that legal confusion could be a factor that supports a

3  finding of equitable tolling. *See Lawrence*, 127 S.Ct. at 1085 (rejecting argument based

4  on legal confusion because every circuit that addressed whether AEDPA's limitations

5  period is tolled by certiorari petitions found in the negative, thus there was no legal

6  confusion). During the time between 1996 and 1998, the relevant time period for

7  Petitioner's legal confusion to exist, however, there was no case law that would have

8  supported Petitioner's position that he was entitled to statutory tolling. It was not until

9  2001 that the Ninth Circuit held that an untimely filed state personal restraint petition

10 could toll the statute of limitations under AEDPA. *Dictado v. Ducharme*, 244 F.3d 724,

11 727-28 (9th Cir. 2001) *abrogated by Pace v. DiGuglielmo*, 544 U.S. 408 (2005).

12      During this time, then, Petitioner was relying on his own mistaken belief regarding

13 the law, rather than as he implies, this and other court's mistaken belief that his second

14 personal restraint petition statutorily tolled the AEDPA statute of limitations. *See Spitsyn*

15 *v. Moore*, 345 F.3d 796, 800 (9th Cir. 2003) (holding that ordinary attorney negligence

16 such as miscalculation of the deadline will not justify equitable tolling).

17      Petitioner's position is that his reasonable confusion justifies the filing of a late

18 federal habeas petition. The *Pace* opinion seems to hold just the opposite. In *Pace*, the

19 Supreme Court instructed, "[a] petitioner's reasonable confusion about whether a state

20 filing would be timely would justify 'good cause' for him to file in federal court." *Pace*

21 *v. DiGuglielmo*, 544 U.S. 408, 416 (2005). Thus, rather than wait to file a late petition in

22 federal court, *Pace* suggests the prudent action would be to file a protective petition in

23 federal court.[6]

24

25      [6]Notably, *Pace* also addressed the petitioner's equitable tolling arguments, but did

26 not rule on his argument that state law and Third Circuit exhaustion law created a trap on

27 which he detrimentally relied as his federal time limit slipped away since the petitioner

28 was unable to establish due diligence. 544 U.S. at 418.

**ORDER ADDRESSING EQUITABLE TOLLING ~ 5**

1    Petitioner argues that he mistakenly believed that it was necessary to file a
2    complete and thorough habeas petition and therefore, he needed the additional time to file
3    his habeas petition.  Ignorance of the law, however, is not an extraordinary circumstance
4    that warrants equitable tolling.  *See Raspberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir.
5    2006) (holding that a *pro se* petitioner's lack of legal sophistication is not, by itself, an
6    extraordinary circumstance warranting equitable tolling).

7    Moreover, the Court questions whether Petitioner's belief was truly mistaken.  The
8    Court notes that Petitioner filed his habeas petition in April 1998, and after service was
9    directed, filed an Amended Complaint on July 20, 1998 (Ct. Rec. 6) and a Motion to
10   Expand the Record on March 5, 1999 (Ct. Rec. 33), indicating that he understood his
11   ability to augment his petition.  Likewise, Petitioner cannot credibly argue that he was
12   confused or ignorant about the law.  His appellate counsel characterized Petitioner as
13   follows:

14          Mr. Ramsey is intelligent and articulate and, without his assistance,
15          research and briefing skills, and knowledge of the case, the issues and the
16          process, I would not have been able to file the appeal on time.  During the
17          period of time before his conviction, [Petitioner] acted as trial counsel for
18          approximately a year and a half. . . He has been an invaluable member of his
19          own defense team."

20   (Ct. Rec. 168-5, p. 4)

21          Finally, as this Court noted in its Order Denying Respondent's Motion to Dismiss,
22   Petitioner knew that his habeas petition was due on or before April 23, 1997.  *See* Ct.

23   ///
24   ///
25   ///
26   ///
27   ///
28   ///

**ORDER ADDRESSING EQUITABLE TOLLING ~ 6**

Rec. 13.[78]  The Court does not find Petitioner to be reasonably confused regarding the AEDPA time limits.  Additionally, even if Petitioner was mistaken in his belief regarding the effect of the filing of his second personal restraint petition, the Court does not find this extraordinary circumstance beyond the control of Petitioner to warrant equitable tolling.

### (b)   Access to Legal Files

Petitioner argues that the state's confiscation of his legal materials inhibited his ability to file his habeas petition on time.  Specifically, Petitioner asserts that his legal materials were confiscated in November 1994, shortly after he received the mandate on direct appeal, and they were not returned until 1997.

Although Petitioner implies that he had no access to his legal materials, the record shows that in November 1994, Petitioner was told that he would be allowed to keep three boxes of legal materials, but the other ten boxes would have to be stored at an off-site

---

[7]The Court noted that Petitioner made the following statement in his 1997 motion to re-open:

> The one-year filing deadline amendment to 28 U.S.C. § 2254 requires that all state prisoners seeking federal habeas relief file their petitions by 4/23/97. In order to to meet the 4/23 deadline, Mr. Waldron-Ramsey ask that the court re-open the file.

[8]Petitioner's current statements of what his actual knowledge was regarding certain deadlines and dates in 1996-98 are unsupported and directly contradicted by contemporaneous declarations that were filed at that time.  For instance, Petitioner now states that it was his belief at the time he filed his second habeas petition that the deadline for filing his petition was November 5, 1994, but in his 1994 federal court complaint, he stated that the deadline for filing his state post-conviction relief was 10/95, not November 1995 (Ct. Rec. 154, Ex. A, p. 36).  Consequently, the Court does not find Petitioner's professed ignorance of the deadlines to be credible.

**ORDER ADDRESSING EQUITABLE TOLLING ~ 7**

facility.[9] Petitioner refused to sign the release of the materials. Eventually, an agreement was reached where the ten boxes of legal materials were shipped to Petitioner's appellate counsel. Petitioner was told that he would be able to exchange the boxes. According to Petitioner, this was an unworkable solution because he needed access to his entire legal files in order to research and develop his claims, and he was financially unable to pay for the shipment of the boxes. Even so, Petitioner had access to one box of legal documents and two boxes of reference material. (Ct. Rec. 167-2).

Petitioner has not met his burden of showing that the lack of access to the ten boxes of legal materials constituted extraordinary circumstances that prevented the timely filing of his petition. In his declaration, Petitioner stated that he "simply could not develop some of [his] claims properly when working with only one box at a time of legal materials. Some of the claims required correlating facts set out in the voluminous discovery with statements made during pretrial proceedings and with testimony later presented at trial . . . I needed all the materials in one place as that I could do this work myself." (Ct. Rec. 169).

The problem is that Petitioner never identifies which claims required him to access more than three boxes of his legal materials at a time. He never identifies the materials that were in his three boxes, and never identifies the materials that were in the other ten boxes to which he did not have access. He never identifies those claims that he was prevented from asserting in a timely manner because of the lack of access to all of his legal materials. Petitioner states that the boxes in his cell only included documents relating to his self-representation claim. However, he fails to identify these documents. The Court cannot address Petitioner's generalized assertions that he was impeded by lack of access to his legal materials without a showing of how the lack of access to a specific

---

[9]Petitioner does not dispute Respondent's statement concerning access to his legal materials.

**ORDER ADDRESSING EQUITABLE TOLLING ~ 8**

document impeded his ability to assert a specific claim.[10]  As such, Petitioner has not met his burden of showing that the lack of access to his legal materials was the cause of his failure to file a timely petition.  *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998) (holding that to overcome procedural default based on claim of limited access to legal materials, a petitioner must provide "specificity regarding the alleged lack of access and the steps he took to diligently pursue his federal claim.").

Also, the Court notes that prior to the time that he filed his direct appeal and his first Personal Restraint Petition in state court, Petitioner had daily access to his files and to his counsel.  His appellate counsel stated:

> Nobody could argue that Mr. Ramsey has not taken full advantage of his being in Spokane nor of his library privileges.  Mr. Ramsey is in contact virtually every day–and sometimes several times a day–with Mr. Maxey's office or myself.  Mr. Ramsey has had regular and significant contact with Mr. Maxey, his paralegal . . his investigator . . and with me.  He is visited either by [his investigator] or myself almost every other day to discuss the appeal. . . . .
>
> When I meet with Mr. Ramsey, we talk about the issues, compare notes, and I give him research assignments.  While skeptical at first, I have grown to rely on his research skills because he has proven his prowess time and time again.

Ct. Rec. 168-5, p. 5-6).

The time frame during which this statement applied was between late 1992 through

---

[10]It is Petitioner's burden to show that the lack of access to the legal materials were the cause of the late filing of his habeas petition, and it is his burden to show what was in the legal boxes.  Respondents are not challenging the assertion that he only had three boxes of legal materials.  Thus, an evidentiary hearing regarding the contents of the boxes is not necessary.

**ORDER ADDRESSING EQUITABLE TOLLING ~ 9**

1  1994.  Additionally, the record indicates that Petitioner obtained a court order in 1989

2  that permitted him access to his legal files.  Based on a November 3, 1991, letter,

3  Petitioner had access to his legal files from October 1989 to September 1991 (Ct. Rec.

4  167-2, p. 5).  Thus, the record demonstrates that Petitioner had access to his legal files

5  between 1989 and 1994, and had the means and wherewithal to file a federal habeas

6  petition at least by 1994.

7        Also, the Court is not convinced that the lack of access to Petitioner's legal

8  materials was a circumstance beyond his control.  Magistrate Judge Kelley Arnold found

9  the "a significant amount of [petitioner's] potential hardship was caused by his own

10  failure to consolidate the most relevant and necessary documents into the three boxes he

11  was allowed to retain."  (Ct. Rec. 167-2).

12        Finally, the record shows that Petitioner was able to file a second Personal

13  Restraint Petition in November 1995.  The ability to file this petition mitigates against a

14  finding that the failure to have access to all thirteen boxes at the same time prevented

15  Petitioner from filing his federal habeas petition in a timely manner.  Indeed, had

16  Petitioner chosen to file his federal habeas petition at the same time as his second PRP, it

17  would have been timely under the ADEPA.

18        Petitioner has not shown that extraordinary circumstances beyond his control were

19  the cause of the late filing of his habeas petition .

20                    **(2)  Due Diligence**

21         Even if extraordinary circumstances beyond Petitioner's control caused the

22  untimely filing of the petition, Petitioner is still not entitled to equitable relief because he

23  did not exercise due diligence in presenting his habeas petition.  *See Mendoza v. Carey*,

24  449 F.3d 1065, 1071 n.6 (9th Cir. 2006) (recognizing that the standard for equitable

25  tolling requires both the presence of an extraordinary circumstance and the inmate's

26  exercise of diligence).

27        In *Pace*, the Supreme Court considered whether the petitioner in that case was

28  entitled to equitable tolling for the time during which his untimely state petition was

**ORDER ADDRESSING EQUITABLE TOLLING ~ 10**

pending in the state courts. 544 U.S. at 418. The Supreme Court looked at the petition that was ultimately deemed untimely, and found that two of the claims presented in the petition were available to petitioner as early as 1986, when he plead guilty to second-degree murder; yet, it noted, the petitioner waited until 1996 to assert the claims in his habeas petition. *Id.* at 419. It noted that had the petitioner advanced his claims within a reasonable time of their availability, his petition would have been timely. *Id.* The Supreme Court also noted that the petitioner sat on his rights five more months after his untimely state petition became final before deciding to seek relief in federal court. Consequently, the petitioner's lack of diligence precluded equitable tolling. *Id.*

Here, Petitioner filed his first PRP, *pro se,* on May 10, 1994. By October 21, 1994, less than six months later, Petitioner had a final decision. Rather than file his federal habeas petition within a reasonable time, Petitioner waited twelve months to file his second PRP, knowing that the state court could ultimately find it untimely. Then after the Washington Supreme Court issued a certificate of finality on his second PRP (seventeen months later), petitioner again waited over eleven months to file his federal petition for habeas corpus.[11]

The AEDPA was enacted on April 24, 1996. At that moment, Petitioner was put on notice that his federal habeas petition was due by April 23, 1997. On May 16, 1996, the Washington Court of Appeals dismissed his second PRP petition as time-barred and

---

[11]The following claims were presented in Petitioner's habeas petition: 1) Denial of Sixth Amendment right to self-representation; 2) Denial of opportunity for a full and fair hearing on his Fourth Amendment claims; 3) Denial of Due Process right to fair trial when evidence was admitted regarding privileged communications and prior bad acts and evidence deemed inadmissible at his first trial was admitted at second trial; 4) Involuntary confessions were admitted in violation of Fifth Amendment; and 5) Evidence was insufficient to prove guilt beyond a reasonable doubt. Clearly, these claims were available to Petitioner at the time he filed his appeal and first PRP.

**ORDER ADDRESSING EQUITABLE TOLLING ~ 11**

1  successive.  At this point, Petitioner was given another indication that he should file his

2  federal habeas petition.  Rather than file his petition, however, Petitioner embarked on a

3  futile journey to have the Washington Supreme Court overturn the Court of Appeals

4  determination.[12]

5        The Court finds that Petitioner did not diligently pursue his rights when they

6  became apparent and, therefore, is not entitled to equitable tolling.

7        **(3)    Conclusion**

8        After reviewing the unique facts and circumstances of this case, the Court does not

9  find that extraordinary circumstances beyond Petitioner's control existed to equitably toll

10  the period between April 23, 1997, and March 29, 1998.  Petitioner has not shown that he

11  was *unable* to file his petition; rather the record shows that he had the ability and

12  wherewithal to file the federal petition by April 23, 1997, but chose not to.  Moreover,

13  Petitioner did not diligently pursue his rights.  The Court finds that Petitioner is not

14  entitled to equitable tolling.

15        **(4)    Evidentiary Hearing**

16        At the hearing, Petitioner's counsel indicated that an evidentiary hearing was not

17  necessary for the Court to determine whether Petitioner was entitled to equitable tolling.

18  The Court agrees and finds that an evidentiary hearing is not necessary.

19        Accordingly, **IT IS HEREBY ORDERED:**

20      1.   Petitioner is not entitled to equitable tolling.  Petitioner's habeas petition is

21  **DENIED**.

22  ///

23  ///

24  ///

25

26        [12]After the Washington Court of Appeals dismissed his petition, Petitioner filed

27  with the Washington Supreme Court, a motion for discretionary review and a motion to

28  modify.

**ORDER ADDRESSING EQUITABLE TOLLING ~ 12**

1     **IT IS SO ORDERED.**  The District Court Executive is hereby directed to enter

2  this Order, furnish copies to counsel and Petitioner, and close the file.

3     **DATED** this 23rd day of August, 2007.

4                           *S/ Robert H. Whaley*

5                        ROBERT H. WHALEY
                     Chief United States District Judge

6

7

8

9

10

11

12

13  Q:\CIVIL\1998\Waldron-Ramsey\eqtoll.wpd

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ORDER ADDRESSING EQUITABLE TOLLING ~ 13**