UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

WALDO E. WALDRON-RAMSEY,

Petitioner,

v.

LESLIE RYDER,

Respondent.

NO. CV-98-131-RHW

**ORDER DENYING PETITIONER'S REVISED MOTION TO ALTER OR AMEND JUDGMENT; DENYING PETITIONER'S REQUEST FOR CERTIFICATE OF APPEALABILITY**

Before the Court is Petitioner's Revised Motion to Alter or Amend Judgment (Ct. Rec. 175) and Petitioner's Request for Certificate of Appealability (Ct. Rec. 177).

Under Fed. R. Civ. P. 59 (e), a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with the need to correct a clear error or prevent manifest injustice, newly discovered evidence is introduced, or there is an intervening change in the controlling law. *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999). To succeed in a motion for reconsideration, a party must set forth facts or law of a strongly convincing nature to induce the Court to reverse its prior decision. *See Kern-Tulare Water Dist. v. City of Bakersfield*, 634 F. Supp. 656, 665 (E.D. Cal. 1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987). Here, it appears that Petitioner is arguing that the Court needs to correct a clear error.

It appears that Petitioner is arguing that the Court committed clear error in finding that his second habeas petition was not equitably tolled. Petitioner has not met

his burden, notwithstanding his declaration filed with his Revised Motion to Alter or Amend Judgment.

In a § 2254 habeas corpus proceeding, an applicant cannot take an appeal unless a judge issues a certificate of appealability pursuant to 28 U.S.C. § 2253(c). Fed. R. App. P. 21(b). Under 28 U.S.C. § 2253(c), the Court may issue a certificate of appealability only if the applicant has made a substantial showing of the denial of a constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) ("Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong . . . . When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.").

The Court declines to issue a certificate of appealability because Petitioner has failed to meet his burden of a substantial showing of a denial of a constitutional right.

Accordingly, **IT IS HEREBY ORDERED:**

1. Petitioner's Revised Motion to Alter or Amend Judgment (Ct. Rec. 175) is **DENIED**.

2. Petitioner's Request for Certificate of Appealability (Ct. Rec. 177) is **DENIED**.

3. The District Court Executive is directed to enter judgment in favor of Defendants and against Plaintiff.

///

///

///

**IT IS SO ORDERED.** The District Court Executive is hereby directed to enter this Order and to furnish copies to counsel.

**DATED** this 26th day of October, 2007.

*s/ Robert H. Whaley*

ROBERT H. WHALEY
Chief United States District Judge

Q:\CIVIL\1998\Waldron-Ramsey\deny.motion.coa.wpd

**ORDER DENYING PETITIONER'S REVISED MOTION TO ALTER OR AMEND JUDGMENT; DENYING PETITIONER'S REQUEST FOR CERTIFICATE OF APPEALABILITY** ~ 3